## Bryson *v.* Philadelphia Brewing Company, Appellant.

*Negligence—Master and servant—Relation of master and servant—Driver of wagon—Evidence.*

In an action against a brewing company to recover damages for personal injuries sustained by reason of the negligence of a driver of a beer wagon, no recovery can be had, where it appears that the employer of the driver although styling himself an agent of the defendant, was in fact the owner of the wagon which he had bought from the defendant, and that he was engaged in an independent business of buying beer from the defendant, and selling it at a profit to his own customers.

Argued March 31, 1904. Appeal, No. 285, Jan. T., 1903, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1902, No. 793, on verdict for plaintiff in case of Frances Bryson by her next friend, John Bryson, v. Philadelphia Brewing Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and THOMPSON, JJ. Reversed.

Trespass to recover damages for personal injuries to a minor girl. Before McMICHAEL, J.

The opinion of the Supreme Court states the case.

Defendant presented the following points:

2. It is undisputed that the horses and wagon were the property of one Ingenito and were in charge of his servant, the driver. The fact that the initials of the defendant and the number 4 remained upon the wagon, which had formerly belonged to the defendant, was but prima facie proof it was the defendant's wagon and in its servant's control which, however, has been overcome by the undisputed facts established to the contrary. Therefore your verdict should be for the defendant. *Answer:* Declined. [2]

3. It is immaterial to this issue whether or not Ingenito was engaged in selling beer without a license, and this should not be considered by the jury at all. *Answer:* Declined. [3]

4. Whether or not Ingenito was engaged in selling beer, it is undisputed that he delivered it and collected the empty boxes through his own servant and team after receiving it from the defendant. As the alleged liability arose in the delivery—not in the sale—the verdict should be for the defendant. *Answer:* Declined. [4]

5. Ingenito was engaged in the delivery of beer and collection of empty boxes through his servant whose alleged negligence, the plaintiff claims, caused the accident. Under the facts of this case Ingenito was making the deliveries and collections either as a dealer or as an independent contractor for delivery and collection. His mere description of himself by the Italian word " agenta " does not make him the defendant's servant, when the undisputed facts show him to be but a carrier, and your verdict should be for the defendant. *Answer:* Declined. [5]

6. Under all the evidence in this case, your verdict should be for the defendant. *Answer:* Declined. [6]

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Errors assigned* were (2–6) above instructions, quoting them.

*Thomas Leaming*, for appellant.—Defendant is not liable for the driver's negligence because he was not defendant's servant, but the servant of the grocer.

The grocer's relation to the defendant is not to be determined by any single word or phrase, but by the whole uncontradicted testimony.

The issue was not whether the grocer was violating the liquor laws, but whether the defendant was liable for the negligence of his servant.

Even if the grocer had been defendant's agent, he was acting independently in the delivery of the beer through his servant.

Had the grocer been an agent he could not have delegated his agency to his driver without authority.

The defendant was entitled to binding instructions.

*W. Wilson Carlile*, for appellee.—Whether the injury was caused by one in the service and employment of defendant was a question of fact, the positive and convincing evidence of which was properly submitted to the jury and found by it in the affirmative: Singer Mfg. Co. v. Rahn, 132 U. S. 518 (10 Sup. Ct. Repr. 175).

A brewing company cannot escape the responsibility for negligence in the conduct of its business by delegating its

chartered privileges to an independent contractor: Stewart's App., 56 Pa. 413; McWilliams v. Detroit Central Mills Co., 31 Mich. 274; Holliday v. Tel. Co., L. R. (1899) 2 Q. B. 392; Sanford v. Pawtucket St. Ry. Co., 19 R. I. 537 (35 Atl. Repr. 67); Rome, etc., R. R. Co. v. Chasteen, 88 Ala. 591 (7 So. Repr. 94); Lancaster Ave. Improvement Co. v. Rhoads, 116 Pa. 377.

The defendant is liable in this case because it received the benefits of the services of Ingenito and Garzilio, and because it held out to the public that they were in charge of its property and engaged in its service: Denver, etc., R. R. Co. v. Gustafson, 21 Colo. 393 (41 Pac. Repr. 505); Cargill v. Duffy, 123 Fed. Repr. 721; Kimball v. Cushman, 103 Mass. 194; Quarman v. Burnett, 6 Mees. & Wels. 499; Wichtrecht v. L. & S. Fasnacht, 17 La. Ann. 166.

OPINION BY MR. JUSTICE FELL, April 11, 1904:

The plaintiff was injured by a team of horses which ran away because of the negligence of their driver. It was undisputed that the horses and the wagon to which they were harnessed belonged to an Italian engaged in the grocery business, and the driver was employed and paid by him. The horses were at times used to a delivery wagon in which beer was carried from the defendant's brewery to the grocer's store and to his customers and in which the empty bottles were returned to the brewery. This wagon had at one time belonged to the defendant, and the initials of the company's name and the number of its license were painted on its side. At the time of the accident it was loaded with boxes of bottles that belonged to the defendant.

The only testimony in the case that tended in any way to fix a liability on the defendant was that of the grocer who said in his examination in chief that he worked for the brewing company as agent, and that his earnings depended upon the amount of beer sold. The testimony of this witness was guarded, his answers as to his selling beer were evasive, and his anxiety not to make disclosures that would subject him to a prosecution for selling liquor without a license was manifest. But in his cross-examination his relations with the brewing company were fully disclosed. It appeared that he purchased beer for the purpose of selling it to his customers, and paid for it at the rate of one

dollar a box.   On the return of a box with the empty bottles thirty cents was repaid to him, or if he obtained the beer on credit, as was sometimes the case, he was allowed the rebate on settlement.   This method of securing the return of empty boxes and bottles was followed whenever a sale of beer was made, and he was treated in the same manner as other purchasers.   The only relation between the brewing company and him was that of seller and buyer, and his horses and wagon were used and his driver employed solely in the prosecution of his own business.   If there had been a doubt as to this, the case should have been submitted to the jury, but there was none.   This testimony was that of the plaintiff's own witness, and it was the only evidence relied on to establish agency or employment.   The fact that he called himself an agent and spoke of his profits as earnings was unimportant, in view of the disclosure of the real character of his business.   The testimony may have indicated that he was selling beer in violation of law, and because of his use of a delivery wagon on which were the defendant's initial and license number it may have given rise to a suspicion that he was doing this with the knowledge and connivance of the officers of the brewing company. He had obtained two old wagons of the company, one by purchase, which he afterwards sold, and one by gift.   The ownership of the wagon in use at the time of the accident was clearly shown to be in him.   But the issue on trial was not whether there had been a violation of the liquor law, but whether the driver of the wagon was the servant of the defendant or engaged in the prosecution of its business.   In support of this there was not sufficient evidence to warrant the submission of the case to the jury.

The judgment is reversed and judgment is now entered for the defendant.